**PROGRESSIVE WEST INSURANCE COMPANY, Plaintiff–counter–defendant–Appellant,**

v.

**Craig TISCARENO; Teresa Tiscareno, Defendants–counter–claimants–Appellees.**

No. 11–57033.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2013.*

April 11, 2013.

Natalie A. Kouyoumdjian, Michael John O'Neill, David Joel Weinman, Robie & Matthai, APC, Los Angeles, CA, for Plaintiff–counter–defendant–Appellant.

Andrew Philip Dunk, III, Esquire, Dunk Law Firm, San Diego, CA, for Defendants–counter–claimants–Appellees.

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Progressive West Insurance Company ("Progressive") appeals from a final judgment entered by the district court in favor of Craig Tiscareno and Teresa Tiscareno. The district court entered judgment after a jury found, in a special verdict, that Progressive had unreasonably failed to accept the Tiscarenos' settlement demand. Progressive contends that the district court erred in denying its pre-verdict motion for judgment as a matter of law, and argues that the jury's verdict is not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

"[A] post-verdict motion under [Federal Rule of Civil Procedure] 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence." *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir.2007); *see also Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 400–01, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006). Because Progressive failed to file a post-verdict Rule 50(b) motion, Progressive has forfeited its right to challenge the jury's verdict based on sufficiency of the evidence. In the absence of a Rule 50(b) motion, an "appellate court [i]s without power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 218, 67 S.Ct. 752, 91 L.Ed. 849 (1947). As a result, we are precluded from granting the relief sought by Progressive, entrance of judgment notwithstanding the verdict.

Even if we were to consider the merits of Progressive's arguments on appeal, we would conclude that the district court's judgment was not erroneous as a matter of law and the jury's verdict was supported by sufficient evidence. There was a legally sufficient evidentiary basis for a reasonable jury to find that Progressive "unreasonably fail[ed] to accept a reasonable settlement demand for an amount

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

within the policy limits between April 16, 2007 and May 18, 2007." Judgment, *PRO-GRESSIVE WEST INS. CO. v. TISCAR-ENO,* No. 3:08–cv–00180–H–CAB, Dkt. No. 138 (S.D.Cal. Oct. 26, 2011); *see* Fed. R.Civ.P. 50(a); *see also Bell v. Clackamas Cnty.,* 341 F.3d 858, 865 (9th Cir.2003).

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.